UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLEY MARTIN, PAMELA STARZINGER, DEBORAH FISHER and JEANNA JACKSON, | § § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:15-CV-00556-K |
| | § | |
| TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Defendant Transport Workers Union of America, Local 556's ("Local 556") Motion for Summary Judgment (Doc. No. 23), Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 26), and Defendant TWU Local 556's Motion to Strike and Brief in Support Thereof (Doc. No. 37). The Court carefully reviewed and considered the Motions, the parties' briefing, the relevant evidence, and the applicable authority. For the reasons detailed below, the Court **GRANTS** Defendant TWU Local 556's Motion for Summary Judgment, **DENIES** Plaintiffs' Motion for Partial Summary Judgment, and accordingly **DENIES** Defendant TWU Local 556's Motion to Strike **as moot**.

## I.    Factual and Procedural Background

Plaintiffs are Southwest Airlines flight attendants. Plaintiffs Kelley Martin and Pamela Starzinger are and have been at all times relevant to this case members in good standing of Local 556. Plaintiffs Deborah Fisher and Jeanna Jackson are members in good standing of Local 556, but they temporarily resigned their union membership in 2013. Defendant Local 556 is a labor organization and the local union of the Transport Workers Union of America ("TWU"). Defendant is Plaintiffs' exclusive bargaining representative pursuant to the terms of the Railway Labor Act ("RLA").

In spring 2013, Local 556 removed three of its officers from office. That matter is subject of litigation in a separate case in this Court (*Stacy Martin, et al. v. Local 556, Transportation Workers of America*, Case No. 3:14-CV-00500-D) and in state court (*Transport Workers Union, Local 556 v. Stacy Martin*, Case No. DC-13-13347, Appellate Case No. 05-15-00796-CV).

After the officers' removal, more than ninety of Local 556's twelve thousand members withdrew from union membership as Agency Fee Objectors ("AFOs"). At the time, Plaintiffs Jackson and Fisher were among the members who withdrew. AFOs may not attend union meetings or participate in union elections but are nevertheless represented by Local 556. They cease to be union members, but also pay lower monthly dues to the union.

During a November 2013, meeting the Executive Board of Local 556 addressed AFOs' status in the union.  At that meeting, the Executive Board decided to interpret Article III(b) of the Local 556 Bylaws. In doing so, the Executive Board merely clarified the language of the Article III(b) and in no way altered its language. Adopted in January 1, 2012, Article III(b) provides that a prospective member must pay a one hundred dollar initiation fee in order to be admitted to Local 556's membership. The Executive Board interpreted Article III(b) as a requirement that any eligible flight attendant who seeks to become a member of Local 556 must pay the initiation fee.

In 2014, as the union officer election cycle approached, a few AFO flight attendants inquired about becoming members of Local 556. Brett Nevarez, Local 556's Second Vice President, told the AFO flight attendants that they needed to fill out paperwork and pay the required initiation fee. Plaintiffs Martin and Starzinger were still Local 556 members and were unaffected by this process. Plaintiffs Jackson and Fisher sought to rejoin the union. Each objected to payment of the initiation fee.

Jackson said she felt that the initiation fee was retaliation for opting out of the union. Fisher testified that the initiation fee appeared to be retaliation for her opting out of the union. The only exemptions from the initiation fee for a non-member seeking membership in Local 556 are found in the TWU International Constitution, Article XIII, §§8 and 9(a). These exemptions did not apply to the Plaintiff AFOs.

All Plaintiffs appealed to the TWU International. Their appeals were rejected. TWU International's Committee of Appeals stated:

> Employees represented by TWU can elect to be non-members . . . Once a member chooses to resign their membership in TWU, they still remain eligible for future membership. Local 556's current bylaws require an initiation fee for employees seeking membership in the TWU. The Committee on Appeals finds that the Local did not violate the International Constitution or the Local 556 Bylaws by requiring former members who have resigned their TWU membership to have to pay the initiation fee as outlined in the current Local 556 Bylaws to become a member of the TWU.

Plaintiffs filed this lawsuit after Plaintiffs Jackson and Fisher paid the initiation fee under protest and rejoined the union.

## II.    Plaintiffs' Claims

Generally, Plaintiffs' claims arise under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411(a)(3)(A), 411(a)(1), 411(a)(2), 529, and  412. Plaintiffs contend that their claims also arise under the Railway Labor Act, 45 U.S.C. §151, and the First and Fifth Amendments to the United States Constitution.

29 U.S.C. § 411(a)(3)(A) provides members of Local 556 in good standing the statutory right to a secret-ballot vote on any increase to initiation fees and rates of dues. Plaintiffs Martin and Starzinger claim that they were not allowed to vote by secret ballot on what they claim was a change in Local 556's bylaws. They assert that this alleged change to Article III(b) increased the initiation fee for flight attendant membership in Local 556.

4

Plaintiffs Jackson and Fisher claim that having to pay a one hundred dollar initiation fee to rejoin Local 556 was retaliation for their exercise of their First and Fifth Amendment Constitutional rights and their statutory rights under the RLA and the LMRDA. According to Jackson and Fisher, the Executive Board's interpretation of Article III(b) penalized them for exercising their right to free speech and association by withdrawing from Local 556's membership. They also claim that the Executive Board's initiation fee interpretation targeted objecting returning members. Finally, Plaintiffs Fisher and Jackson allege that Defendant has breached its duty of fair representation by engaging in conduct that was arbitrary, discriminatory, or in bad faith by imposing what they claim was an additional one hundred dollar initiation fee on them when they sought to rejoin the union.

Defendant does not dispute that Plaintiffs state claims under the LMRDA, but Defendant argues that those claims lack merit. Defendant also argues that Plaintiffs fail to properly raise a provision of the RLA as a basis for their claims. Further, Defendant denies that any claims arise under the First or Fifth Amendments to the Constitution of the United States because no "acts under color of law" are asserted and there is no requisite state action to confer jurisdiction over these claims. Defendant also denies any conduct which would violate the statutes and duties alleged by Plaintiffs.

### III.   Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on all three of Plaintiffs' claims. Specifically, Defendant argues that Local 556 did not increase initiation fees and that, accordingly, the requirements of 29 U.S.C. § 411(a)(3)(A) do not apply to the Executive Board's actions. Second, Defendant contends that it did not impose the initiation fee on non-member objectors seeking to rejoin Local 556 in retaliation for taking non-member objector status. Third, Defendant denies that it took any action toward Plaintiffs that violated its duty of fair representation, and denies specifically that it took any action toward Plaintiffs that was arbitrary, discriminatory, or committed act in bad faith.

The Court agrees with Defendant. Defendant has shown through pleadings, affidavits, and other summary judgment evidence that no genuine issue of material fact exists. Defendant has shown that Local 556's Executive Board did not increase Local 556's initiation fee, it did not take an adverse or retaliatory action towards Plaintiffs, and that its conduct was not arbitrary, discriminatory, or in bad faith. Plaintiffs have not satisfied their burden as nonmovants to show that genuine issues of material fact exists for trial. Accordingly, Defendant is entitled to judgment as a matter of law.

### a. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

6

The moving party bears the initial burden of showing by reference to materials on file that there is no genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The nonmovant must then go "beyond the pleadings" and introduce competent evidence like affidavits, depositions, admissions, to establish "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. The Court must view all evidence and reasonable inferences in the light most favorable to the nonmovant and determine whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. *United States v. Die bold, Inc.*, 369 U.S. 654, 655 (1962); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### b.  Martin and Starzinger's Claims Under 29 U.S.C. § 411(a)(3)(A)

Plaintiffs Martin and Starzinger claim that Local 556's Executive Board violated 29 U.S.C. § 411(a)(3)(A) by increasing Local 556's initiation fee without allowing them to vote on the increase by secret ballot. They assert that instead of merely interpreting its bylaws, the Executive Board's initiation fee measure "had *the effect* of increasing initiation fees for former members' reinstatement."

Local labor organizations are prohibited from  increasing "the rates of dues and initiation fees" or levying a "general or special assessment" unless the a majority of the members in good standing vote by secret ballot at either a general or special membership meeting or in a membership referendum. 29 U.S.C. § 411(a)(3)(A). Section 412 of the LMRDA grants union members a private cause of action for a

union's infringement of the rights secured by §§ 411–15. *Martin v. Local 556, Transp. Workers Union of Am. AFL-CIO*, No. 3:14-CV-0500-D, 2014 WL 4358480, at *6 (N.D. Tex. Sept. 3, 2014).

The Executive Board did not – either in effect or otherwise – increase Local 556's initiation fee. Article III(b) of Local 556's bylaws plainly requires those seeking membership in the union to pay a one hundred dollar initiation fee. At its November 14, 2013 meeting Local 556's Executive Board approved an amended motion clarifying the Article III(b)'s initiation fee requirement. Defendant shows that this amended motion states, "Any current Agency Fee, Non-Member Objector that requests to become a Member again will be charged the *current* Initiation Fee." (emphasis added)

Local 556's Financial Secretary-Treasurer John Parrott explained the Executive Board's action in his deposition. When asked by Plaintiffs' Counsel to "explain what clarity and understanding [he] thought was needed, Parrott stated, "there's only one sentence … in the bylaws [which states] that the initiation fee is $100" and "we want to make sure that we're applying that to members, you know, people that are becoming members."

The Court is persuaded that in the absence of any increase in initiation fees, 29 U.S.C. § 411(a)(3)(A)'s requirements do not apply to Local 556's actions. The Executive Board's amended motion and Parrott's explanation of the motion establish that Local 556 did not in effect or in practice increase Local 556's initiation fee.

Through this evidence, Defendant satisfied its burden and has shown that there is no genuine issue of material fact for trial on Plaintiffs' claim under 29 U.S.C. § 411(a)(3)(A).

Even when viewed in the light most favorable to Plaintiffs, Plaintiffs have not established "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Further, a fair-minded jury could not return a verdict for Plaintiffs on the evidence presented. *Die bold, Inc.*, 369 U.S. at 655; *Liberty Lobby, Inc.*, 477 U.S. at 252. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment on Plaintiffs claims under 29 U.S.C. § 411(a)(3)(A) and the Court **DENIES** Plaintiffs' Motion for Partial Summary Judgment in its entirety.

### c.  Jackson and Fisher's Retaliation Claims

For similar reasons, the Court finds that Defendant has shown that there is no genuine issue of material fact for trial on Jackson and Fisher's retaliation claims. Plaintiffs Jackson and Fisher claim that having to pay the one hundred dollar initiation fee to rejoin Local 556 was retaliation for their exercise of their First and Fifth Amendment Constitutional rights and their statutory rights under the RLA and the LMRDA.

Claims for constitutional retaliation and statutory retaliation under the RLA require Plaintiffs to show, among other things, that they have suffered an "adverse action." *Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, No. 15-20279, 2016 WL 1566523, at *1 (5th Cir. Apr. 18, 2016); *Roscello v. Sw. Airlines Co.*, 726 F.2d

217, 222 (5th Cir. 1984)(*citing N.L.R.B. v. Transportation Management Corp.,* 462 U.S. 393, 103 (1983)). Similarly, claims for statutory retaliation under the LMRDA require Plaintiffs to show "retaliatory action." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142,* 269 F.3d 1042, 1058 (9th Cir. 2001) (*citing Sheet Metal Workers' Int'l Ass'n v. Lynn,* 488 U.S. 347, 354 (1989)). An adverse action is a negative consequence or the denial of some benefit that impinges on a person for the exercise of their rights. *Breaux v. City of Garland*, 205 F.3d 150, 157-159 (5th Cir. 2000).

Plaintiffs contend that Defendant took adverse or retaliatory action against them by requiring Plaintiffs to pay one hundred dollar initiation fee to rejoin the union. Again, Defendant shows that Article III(b) of Local 556's bylaws plainly requires those seeking membership in the union to pay a one hundred dollar initiation fee. This requirement applies equally to flight attendants who were previously members of the union and those seeking union membership for the first time. The Executive Board's amended motion at its November 14, 2013 meeting clarified this. Simply put, everyone pays the fee to join the union. The fee is not increased for former members seeking to rejoin. No penalty is assessed against former members seeking to rejoin, but former members are also not given a special status or discount.

Defendant demonstrates that Plaintiffs suffered neither an adverse nor a retaliatory action in this case. In doing so, Defendant establishes that there is no

genuine issue of material fact for trial on Plaintiffs' retaliation claims. Plaintiffs have not offered summary judgment evidence to show otherwise. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment on Plaintiffs' retaliation claims.

### d. Jackson and Fisher's Breach of the Duty of Fair Representation Claims

The Court finds that Defendant has shown that there is no genuine issue of material fact for trial on Jackson and Fisher's claims that Defendant has breached its duty of fair representation. Jackson and Fisher claim that Local 556 breached the duty of fair representation by requiring them to pay initiation fee when they sought to rejoin the union.

It is well established that a union breaches the statutory duty of fair representation only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). "Discrimination against nonmember employees who are part of the bargaining unit is impermissibly arbitrary if no relevant distinctions exist between the union and nonunion employees." *Del Casal v. E. Airlines, Inc.*, 634 F.2d 295, 301 (5th Cir. 1981).

Plaintiffs argue that Local 556 arbitrarily distinguishes "current agency fee nonmember objectors" from "former non-objecting members" who pay no additional initiation fees to rejoin the union. Notably, Plaintiffs cite no summary judgment evidence to support this argument. Defendant argues that the initiation fee

requirement was clarified to avoid distinctions – and any accompanying discrimination – between Plaintiffs as non-members and others seeking to join Local 566. The Court agrees with Defendant.

Defendant establishes through Brett Nevarez's affidavit that Local 556 abides by its bylaws and the TWU Constitution uniformly and that Local 556 uniformly applies the initiation fee requirement. With the few exceptions specifically promulgated in the TWU Constitution, such as when a member in good standing leaves the industry or is furloughed for more than 90 consecutive days and receives a withdrawal card from TWU International, all members who withdraw and then seek to rejoin and all new members must pay the initiation fee. In *Fenderson v. Indep. Fed'n of Flight Attendants*, F.3d Supp. 245, 249 (S.D.N.Y. 1990), the district court accepted a similar uniform application of an initiation fee requirement because the fee "applie[d] equally to all who seek membership." Local 556's requirement is no different.

Plaintiffs further argue that Local 556's conduct was arbitrary and discriminatory because the TWU Constitution has certain specific exceptions to the initiation fee requirement. According to Plaintiffs, this violates the uniformity requirement because it "distinguishes between classes of members." Again, Plaintiffs cite no summary judgment evidence to support this argument.

Plaintiffs' argument is misdirected. As Defendant points out in its reply, TWU International promulgates the TWU Constitution and Local 556 is bound to comply

12

with the Constitution's requirements. Any claim that the TWU Constitution is discriminatory, arbitrary, or in bad faith is properly asserted against TWU International. TWU International is not a party to this case.

Defendant has established that its conduct toward a member of the collective bargaining unit was not arbitrary, discriminatory, or in bad faith. Defendant has satisfied its burden and demonstrated that there is no genuine issue of material fact for trial on Jackson and Fisher's claims that Defendant has breached its duty of fair representation. As nonmovants, Plaintiffs have not shown that any genuine issue of material fact exits on these claims. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment on Plaintiffs' claims for the breach of duty of fair representation.

### e. Conclusion

Defendant has shown that it did not increase Local 556's initiation fee, take adverse or retaliatory actions against Plaintiffs, or engage in arbitrary or discriminatory conduct. The Court finds after reviewing Defendant's pleadings, affidavits, and other summary judgment evidence that no genuine issue of material fact exists on Plaintiffs' claims under 29 U.S.C. § 411(a)(3)(A), Plaintiffs' retaliation claims, and Plaintiffs' claims for breach of the duty of fair representation. Plaintiffs have not satisfied their burden as nonmovants to show that genuine issues of material fact exists for trial. Accordingly, Defendant is entitled to judgment as a matter of law

on these three claims, the Court **GRANTS** Defendant TWU Local 556's Motion for Summary Judgment, **DENIES** Plaintiffs' Motion for Partial Summary Judgment, and **DENIES as moot** Defendant TWU Local 556's Motion to Strike.

**SO ORDERED.**

Signed August 29th, 2016.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE